**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS MARSHALL DIVISION**

| | |
|---|---|
| 911 NOTIFY, INC., | |
| Plaintiff, | C.A. No. 2:17-cv-00073 |
| v. | |
| SPOK HOLDINGS, INC. and SPOK INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff 911 Notify, Inc. ("911 Notify") makes the following allegations against Spok Holdings, Inc. and Spok Inc. (collectively, "Spok" or "Defendants"):

## PARTIES

1.      911 Notify, Inc. is a Texas corporation with a principal place of business at 8105 Rasor Blvd, Suite 68, Plano, TX 75024.

2.      On information and belief, Spok Holdings, Inc. is a Delaware corporation with a principal place of business at 6850 Versar Center, Suite 420, Springfield, VA 22151.  Spok Holdings, Inc. can be served through its registered agent, Corporation Service Company, at 211 E. 7th Street Suite 620, Austin, TX 78701.

3.      On information and belief, Spok Inc. is a wholly owned subsidiary of Spok Holdings, Inc.  On information and belief, Spok Inc. is a Delaware corporation with a principal place of business at 6850 Versar Center, Suite 420, Springfield, VA 22151.  Spok Inc. can be

served through its registered agent, Corporation Service Company, at 211 E. 7th Street Suite 620,

Austin, TX 78701.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the

United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C.

§§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants in this action because,

among other reasons, Defendants have committed acts within this District giving rise to this

action and have established minimum contacts with the forum state of Texas.  For example, Spok

Inc. maintains an office at 3000 Technology Drive, Suite 400 Plano, TX 75074.  Defendants

directly and/or through subsidiaries or intermediaries (including distributors, retailers, and

others), have committed and continue to commit acts of infringement in this District by, among

other things, making, using, importing, offering for sale, and/or selling products and/or services

that infringe the patents-in-suit.  Defendants are registered to do business in the State of Texas,

and have appointed Corporation Service Company at 211 E. 7th Street Suite 620, Austin, TX

78701, as their agent for service of process.  Thus, Defendants purposefully availed themselves

of the benefits of doing business in the State of Texas, and the exercise of jurisdiction over

Defendants would not offend traditional notions of fair play and substantial justice.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b)

because, among other reasons, Defendants are subject to personal jurisdiction in this District, and

have committed and continue to commit acts of patent infringement in this District.  On

information and belief, for example, Defendants have used, sold, offered for sale, and imported

infringing products in this District.

## BACKGROUND

7.      Inventors Don Reich and Kurt Warner have over twenty years of experience in the field of emergency systems, and are named inventors on over a dozen patents covering emergency, cellular, and medical systems, including U.S. Patent Nos. 6,151,385; 6,775,356; and 8,396,447 (collectively, "asserted patents" or "patents-in-suit").

## ASSERTED PATENTS

8.      911 Notify is the owner by assignment of U.S. Patent No. 6,151,385 (the '385 'Patent").  The '385 Patent is entitled "System for the Automatic Notification That a 9-1-1 Call Has Occurred."  The '385 Patent issued on November 21, 2000.  A true and correct copy of the '385 Patent is attached hereto as Exhibit A.

9.      911 Notify is the owner by assignment of U.S. Patent No. 6,775,356 (the '356 'Patent").  The '356 Patent is entitled "Real-time Incident and Response Information Messaging in a System for the Automatic Notification That an Emergency Call Has Occurred from a Telecommunication Device."  The '356 Patent issued on August 10, 2004.  A true and correct copy of the '356 Patent is attached hereto as Exhibit B.

10.      911 Notify is the owner by assignment of U.S. Patent No. 8,396,447 (the '447 'Patent").  The '447 Patent is entitled "Emergency Call Notification System and Method."  The '447 Patent issued on March 12, 2013.  A true and correct copy of the '447 Patent is attached hereto as Exhibit C.

## COUNT I
### (Infringement of U.S. Patent No. 6,151,385)

11.      Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

12.     On information and belief, Defendants make, use, offer for sale and/or sell in the United States the Accused Instrumentalities that infringe, literally or under the doctrine of equivalents, various claims of the '385 Patent, and continue to do so.  These products and/or services include, for example, Spok's emergency notification solutions, including without limitation the Emergency Notification and 9-1-1 Call Center Solutions as well as products and services that enable the solutions such as Spok Safety Connect Guardian.  The exemplary infringing products shall be referred to hereinafter as the "Accused Instrumentalities."

13.     On information and belief, the Accused Instrumentalities perform a telephone service method within a telephone system which provides notification to identified parties that a call to an emergency service has been made from a subscriber number identifiable by an automatic number identification, said emergency service including an automatic location identification database.  For example, Spok documentation states that Safety Connect Guardian is "an intelligent workstation (IWS) solution designed from the ground up to bring IP to your desktop – and provide you with a new level of performance for responding to all types of calls, whether they arrive on legacy trunks or on an NG9-1-1 IP network."[1]  Spok's documentation goes on to highlight several key features of Safety Connect Guardian, including the utilization of automatic number identification and automatic location identification information, as shown below.[2]

[1] http://cloud.spok.com/BR-AMER-Spok-Safety-Connect-Guardian.pdf.
[2] http://cloud.spok.com/BR-AMER-Spok-Safety-Connect-Guardian.pdf.

**KEY FEATURES**

- Redundancy and high availability help ensure that calls aren't missed
- CAD and mapping interfaces
- Incoming 9-1-1 call splash screen and chimes with or without call info (ANI and hook status)
- Display ANI/ALI
- Display caller hook status
- Print ALI (format ALI for proper printing)
- Display time and date
- ALI notes
- Single button call-back from call info remote
- Radio headset bypass
- Distinctive ringing per operator, per call type

- Call back
- Contact list and speed dials supporting hundreds of lines and quick-find capabilities
- PSAP status information
- Role-based logins with fully definable roles
- Ring/no answer timeout and call rerouting
- Format ALI for display
- Logging recorder for incoming 9-1-1 trunks
- Personalized screen layouts
- ALI preview
- Redial with list
- Display selective transfer agencies labels and info

- Start time
- Baudot TDD/TTY – TDD/TTY recognition
- Instant recall recorder
- Call history with print option
- Ringer mute
- ALI refresh and rebid
- Send ALI transfer between telecommunicators
- Call distribution (ring all, priority, longest idle)
- ALI steering
- Last telecommunicator cannot log out
- SMS inbound and outbound texting

14.     On information and belief, the Accused Instrumentalities perform the step of receiving a query automatic number identification of a call placed to said emergency service, said query automatic number identification corresponding to a query made to said automatic location identification database.  For example, Spok advertises that "Spok's E9-1-1 solutions make sure the exact location of the 9-1-1 call—not just the billing address—is passed to a 9-1-1 answering point. In case the caller cannot provide this information, you know the software has taken care of it, allowing the first responders to quickly reach the emergency and avoid confusion about where to go."[3]  Spok also discloses that

> Locating a 9-1-1 caller is based on having accurate information in the public location database, known as the automatic location identifier database (ALI). When you place a 9-1-1 call, your location is passed to the emergency call-takers. Many organizations don't realize that maintaining accurate information in this ALI database is their responsibility. Spok takes care of this by tracking and maintaining your organization's moves, adds, and changes and automatically updating the ALI database accordingly.[4]

15.     On information and belief, the Accused Instrumentalities perform the step of using said query automatic number identification to fetch a subscriber record containing indicia

---

[3] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.
[4] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

corresponding to said identified parties from a subscriber database.  For example, Spok

advertises that its solution alerts the operator of "[i]ncoming 9-1-1 call splash screen and chimes

with or without call info (ANI and hook status)."  Spok also advertises that Safety Connect

Guardian displays automatic number identification/automatic location identification.[5]

16.     On information and belief, the Accused Instrumentalities perform the step of

activating a message response system in response to said indicia to thereby initiate notification to

said identified parties that a call to said emergency service has been made from a subscriber

number identified by said query automatic number identification.  For example, Spok advertises

that

> Spok's E9-1-1 software provides real time, onsite notification when 9-1-1 is
> dialed. With this feature, onsite personnel get a quick snapshot of what's
> happening and provide valuable first responder assistance—instead of just waiting
> for the 9-1-1 team to arrive. This kind of alert may mean the difference between
> life and death.
>
> Spok's solutions allow you to notify many different locations about the 9-1-1 call.
> Easily alert staff at a security desk, guard shack, PBX attendant location, or any
> other desired location in the enterprise. Spok also provides flexibility in how you
> notify people because it supports phones, pagers, wireless devices or screen pops
> to computers.[6]

17.     On information and belief, Defendants have directly infringed and continue to

directly infringe the '385 Patent by, among other things, making, using, offering for sale, and/or

selling the '385 Accused Instrumentalities.  On information and belief, such products and/or

services are covered by one or more claims of the '385 Patent including at least claim 1.

18.     By making, using, offering for sale, and/or selling the Accused Instrumentalities

infringing the '385 Patent, Defendants have injured 911 Notify and are liable to 911 Notify for

---

[5] http://cloud.spok.com/BR-AMER-Spok-Safety-Connect-Guardian.pdf.
[6] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

infringement of the '385 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

19.     In addition, Defendants actively induce others, including without limitation customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '385 Patent, in violation of 35 U.S.C. § 271(b). Upon information and belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '385 Patent. Defendants have actual knowledge of the '385 Patent at least as of service of this Complaint. Defendants are knowingly inducing its customers and/or end users to directly infringe the '385 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe the '385 Patent.

20.     To the extent facts learned in discovery show that Defendants' infringement of the '385 Patent is or has been willful, 911 Notify reserves the right to request such a finding at time of trial.

21.     As a result of Defendants' infringement of the '385 Patent, 911 Notify has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and 911 Notify will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

22.     Unless a permanent injunction is issued enjoining Defendants and their agents, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '385 Patent, 911 Notify will be greatly and irreparably harmed.

## COUNT II
### (Infringement of U.S. Patent No. 6,775,356)

23.     Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

24.     On information and belief, Defendants make, use, offer for sale and/or sell in the United States the Accused Instrumentalities that infringe, literally or under the doctrine of equivalents, various claims of the '356 Patent, and continues to do so.

25.     On information and belief, the Accused Instrumentalities perform a telephone service method within a telephone system that provides notification to identified parties that an emergency call to an emergency service has been made from a subscriber.  For example, Spok documentation states that

> Within large enterprise networks that use multiple PBXs and/or remote shelves, a main PBX is usually designated as the primary interface with the PSTN. The remaining PBXs and/or remote shelves route net calls to the designated primary PBX. These enterprise networks can become very large and result in the physical locations of PBXs/remote shelves residing in different PSAP jurisdictions, or even in different 9-1-1 networks, than that of the main PBX. The advent of Voice over Internet Protocol (VoIP) has further increased the geographical networking capabilities, and remote IP phones may be deployed great distances from the main PBX. An IP phone's access to the main PBX may be over the enterprise's intranet or over the public Internet via a VPN (or a combination of the two).[7]

Further, Spok advertises that "Spok Enhanced 9-1-1 (E9-1-1) solutions give you the tools you need to protect your most valuable asset: your people. The solutions pinpoint a 9-1-1 caller's location and pass it along to the PSAP. This kind of reliable, automatic transfer of information

---

[7] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

will help you provide vital, lifesaving information to the 9-1-1 public safety network and notify

the appropriate onsite personnel that an emergency call is in progress. Ultimately, this speeds

response for the 9-1-1 caller."[8]   The figure below represents an overview of Spok's Enhanced 9-

1-1 Solutions.



26.     On information and belief, the Accused Instrumentalities perform the step of

receiving an alert signal indicating that a call has been placed to said emergency service.  For

example, Spok advertises that

> . . . E9-1-1 software provides real time, onsite notification when 9-1-1 is dialed.
> With this feature, onsite personnel get a quick snapshot of what's happening and
> provide valuable first responder assistance—instead of just waiting for the 9-1-1
> team to arrive. This kind of alert may mean the difference between life and death.[9]

27.     On information and belief, the Accused Instrumentalities perform the step of

collecting real-time data from message content of said call in response to receiving said alert

signal, said real-time data being collected within an interval between a time that said emergency

call is recognized and a response is initiated.  For example, Spok advertises that

> With the Remember Disk Digital Voice Recording feature, Spok's E9-1-1
> solution automatically activates the voice-recording module when a 9-1-1 call
> arrives at the alert engine. The alert system is default configured for a storage
> capacity of 10 hours of voice recordings in standard WAVE (.wav) file format at
> a rate of 11.025 Kb/s (although the system is not limited to this 10-hour storage
> constraint).

---

[8] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.
[9] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

Each recorded session is marked with the time, date, and identification of the calling party. The recorded files are stored locally for easy access and playback needs. Spok's E9-1-1 programming allows this data to be played on any PC

utilizing Microsoft Windows with media-playback capabilities. By using the standard WAVE (.wav) file format, blocks of recorded sessions can be downloaded to a CD or other types of media for storage or playback purposes. [10]

Further, Spok advertises that "[w]ith the Remember Disk Digital Voice Recording feature,

Spok's E9-1-1 solution automatically activates the voice-recording module when a 9-1-1 call

arrives at the alert engine."

28.     On information and belief, the Accused Instrumentalities perform the step of

using said alert signal to fetch a subscriber record containing indicia corresponding to said

identified parties from a subscriber database.  For example, Spok advertises that "[s]creen pops

not only alert onsite staff, but they also provide specific information about a caller or location,

such as a critical medical condition or the presence of hazardous materials. This extra

information allows onsite personnel to better assist when emergency responders arrive."[11]

29.     On information and belief, the Accused Instrumentalities perform the step of

activating a message response system in response to said indicia to thereby initiate notification to

said identified parties that a call to said emergency service has been made from a subscriber

identified by said alert signal, said notification including a message comprised of at least part of

said real-time data.  For example, Spok advertises that

Spok's solutions allow you to notify many different locations about the 9-1-1 call. Easily alert staff at a security desk, guard shack, PBX attendant location, or any other desired location in the enterprise. Spok also provides flexibility in how you notify people because it supports phones, pagers, wireless devices or screen pops to computers.

Screen pops not only alert onsite staff, but they also provide specific information about a caller or location, such as a critical medical condition or the presence of

---

[10] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.
[11] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

hazardous materials. This extra information allows onsite personnel to better assist when emergency responders arrive.[12]

30.     On information and belief, Defendants have directly infringed and continue to directly infringe the '356 Patent by, among other things, making, using, offering for sale, and/or selling the '356 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '356 Patent including at least claim 1.

31.     By making, using, offering for sale, and/or selling the Accused Instrumentalities infringing the '356 Patent, Defendants have injured 911 Notify and are liable to 911 Notify for infringement of the '356 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

32.     In addition, Defendants actively induce others, including without limitation customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '356 Patent, in violation of 35 U.S.C. § 271(b). Upon information and belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '356 Patent. Defendants have actual knowledge of the '356 Patent at least as of service of this Complaint. Defendants are knowingly inducing their customers and/or end users to directly infringe the '356 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '356 Patent.

---

[12] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

33.     To the extent facts learned in discovery show that Defendants' infringement of the '356 Patent is or has been willful, 911 Notify reserves the right to request such a finding at time of trial.

34.     As a result of Defendants' infringement of the '356 Patent, 911 Notify has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and 911 Notify will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

35.     Unless a permanent injunction is issued enjoining Defendants and their agents, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '356 Patent, 911 Notify will be greatly and irreparably harmed.

### COUNT III
**(Infringement of U.S. Patent No. 8,396,447)**

36.     Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

37.     On information and belief, Defendants make, use, offer for sale and/or sell in the United States the Accused Instrumentalities that infringe, literally or under the doctrine of equivalents, various claims of the '447 Patent, and continues to do so.

38.     On information and belief, the Accused Instrumentalities perform a method for contacting 9-1-1 and notifying at least one contact of an emergency.  For example, Spok advertises that it provides "flexibility in how you notify people because it supports phones, pagers, wireless devices or screen pops to computers," as shown below.[13]

---

[13] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

## NOTIFY ONSITE STAFF IN REAL TIME

Spok's E9-1-1 software provides real time, onsite notification when 9-1-1 is dialed. With this feature, onsite personnel get a quick snapshot of what's happening and provide valuable first responder assistance—instead of just waiting for the 9-1-1 team to arrive. This kind of alert may mean the difference between life and death.

Spok's solutions allow you to notify many different locations about the 9-1-1 call. Easily alert staff at a security desk, guard shack, PBX attendant location, or any other desired location in the enterprise. Spok also provides flexibility in how you notify people because it supports phones, pagers, wireless devices or screen pops to computers.

Screen pops not only alert onsite staff, but they also provide specific information about a caller or location, such as a critical medical condition or the presence of hazardous materials. This extra information allows onsite personnel to better assist when emergency responders arrive.



39.     On information and belief, the Accused Instrumentalities perform the step of receiving, by a cellular device, an indication of the emergency, the cellular device sending, without user action, a request to a server, the sending being in response to the receipt of the indication of the emergency.  For example, Spok advertises that

> Spok's emergency notification system . . . automatically delivers messages, collects responses, escalates to other personnel if needed, and logs all activities for reporting and analysis. Notifications can be initiated via web or phone and can be sent to various devices, including phones, smartphones, pagers, email, and fax.
>
> . . .
>
> Passive monitoring allows security officers to listen to a 9-1-1 call in progress, thereby enabling them to assess the situation and respond accordingly. By understanding the situation, they can provide immediate help like providing first aid, handling crowd control or directing emergency first responders. In the case of a sick or injured individual, both organization officials and emergency personnel need to rush toward the situation. In a situation that threatens employee safety, staff and visitors must be rushed away from the scene. [14]

---

[14] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.

The Spok figure below depicts a smartphone receiving a secure message in which delivery and read receipt is automatically returned to a server without the involvement by the smartphone user.[15]



40.     On information and belief, the Accused Instrumentalities perform the step of sending an acknowledgement back to the cellular device and sending a notification to the at least one contact.  For example, Spok documentation discloses that

> Passive monitoring allows security officers to listen to a 9-1-1 call in progress, thereby enabling them to assess the situation and respond accordingly. By understanding the situation, they can provide immediate help like providing first aid, handling crowd control or directing emergency first responders. In the case of a sick or injured individual, both organization officials and emergency personnel

---

[15] http://cloud.spok.com/BR-AMER-Spok-Public-Safety-Solutions-Overview.pdf.

need to rush toward the situation. In a situation that threatens employee safety, staff and visitors must be rushed away from the scene.[16]

Generally, the secure smartphone messaging system automatically indicates the status of a sent message as having been sent, delivered, and read by the recipient.

41.   On information and belief, the Accused Instrumentalities perform the step of calling 9-1-1 by the cellular device without user action after receipt of the acknowledgement. For example, Spok documentation discloses that

> Estimates are that as much as 70 percent of 9-1-1 calls are made from cell phones. Those seeking emergency assistance via cell phone want to text details about the situation—or submit photos. They also want to have text-based chat sessions with 9-1-1 dispatchers instead of making a voice call. NG9-1-1 enables 9-1-1 call centers (PSAPs) to receive not only voice calls from both landlines and cell phones, but also SMS-based text communications and photos that can help dispatchers provide as much detail as possible to those responding.[17]

42.   On information and belief, Defendants have directly infringed and continue to directly infringe the '447 Patent by, among other things, making, using, offering for sale, and/or selling the '447 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '447 Patent including at least claim 12.

43.   By making, using, offering for sale, and/or selling the Accused Instrumentalities infringing the '447 Patent, Defendants have injured 911 Notify and are liable to 911 Notify for infringement of the '447 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

44.   In addition, Defendants actively induce others, including without limitation customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 12 of the '447 Patent, in violation of 35 U.S.C. § 271(b). Upon information and

---

[16] http://cloud.spok.com/BR-AMER-Spok-E911-Solutions.pdf.
[17] http://cloud.spok.com/BR-AMER-Spok-Public-Safety-Solutions-Overview.pdf.

belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 12 of the '447 Patent. Defendants have actual knowledge of the '447 Patent at least as of service of this Complaint. Defendants are knowingly inducing their customers and/or end users to directly infringe the '447 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '447 Patent.

45.     To the extent facts learned in discovery show that Defendants' infringement of the '447 Patent is or has been willful, 911 Notify reserves the right to request such a finding at time of trial.

46.     As a result of Defendants' infringement of the '447 Patent, 911 Notify has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and 911 Notify will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

47.     Unless a permanent injunction is issued enjoining Defendants and their agents, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '447 Patent, 911 Notify will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

A.      A judgment that Defendants have infringed one or more claims of the '385, '356 and '447 Patents;

B.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendants, from infringing the '385, '356 and '447 Patents;

C.      An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

D.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant.

E.      A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to Plaintiff, including, without limitation, prejudgment and post-judgment interest; and

F.      Any and all other relief to which Plaintiff may show itself to be entitled.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated: January 23, 2017                        Respectfully submitted,


                                               /s/      *Benjamin T. Wang*_____
                                               Benjamin T. Wang (CA SB No. 228712)
                                               **RUSS AUGUST & KABAT**
                                               12424 Wilshire Boulevard 12th Floor
                                               Los Angeles, California 90025
                                               Telephone: 310-826-7474
                                               Facsimile: 310-826-6991
                                               bwang@raklaw.cm

Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
**CAPSHAW DERIEUX, L.L.P.**
114 E. Commerce Avenue
Gladewater, Texas 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Attorneys for Plaintiff,
*911 Notify, Inc.*